IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02300-KAS

JERROD CRAWFORD,

    Plaintiff,

v.

THE NUCLEAR MEDICINE TECHNOLOGY CERTIFICATION BOARD,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KATHRYN A. STARNELLA**

This matter is before the Court on Plaintiff's **Response to Dismissal of Reconsideration [ECF No. 70]** (the "Motion") [#71]. Plaintiff is proceeding pro se,[1] and therefore, the Court liberally construes Plaintiff's filing as a Motion for Reconsideration. Defendant did not file a Response, and the time in which to do so has elapsed. *See* D.C.COLO.LCivR 7.1(d). After briefing closed, Plaintiff also filed an Addendum [#72] (the "Addendum") to the Motion. The Court has reviewed the briefs, the entire case file, and the applicable law. For the following reasons, the Motion [#71] is **DENIED**.[2]

---

[1] The Court must liberally construe the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). In doing so, the Court should neither be the pro se litigant's advocate nor "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C.COLO.LCivR 72.2. *See Consent* [#21]; *Order of Reference* [#22].

I.   **Background**

The factual background of this case has been set forth in the Court's various orders, *see, e.g.*, Orders [#63, #70], and the Court repeats it here only to the extent necessary to resolve the Motion [#71].

Plaintiff is a technologist who previously practiced nuclear medicine and molecular imaging in Colorado. *Am. Compl.* [#48] at 2 ¶ 11.[3] Defendant, The Nuclear Medicine Technology Certification Board, Inc. is one of two certifying agencies in the nuclear medicine and molecular imaging field. *Id.*, ¶ 9. Plaintiff obtained his certification through Defendant. *See id*. ¶¶ 10-12.

Defendant placed Plaintiff's certification on probation for twelve months after investigating an ethical complaint regarding alleged Health Insurance Portability and Accountability Act ("HIPAA") violations lodged by Plaintiff's previous employer. *Id.* at 3-4 ¶¶ 16, 20. During the investigation, Defendant solicited evidence from both Plaintiff and Plaintiff's previous employer. *Id.* at 4 ¶ 20. After learning of the probation decision to revoke his certification, Plaintiff appealed, submitting "evidence of possible retaliation by [his previous employer] in making its frivolous ethics complaint" against him. *Id.* at 4 ¶ 22. Plaintiff's appeal was unsuccessful, and on February 27, 2022, Defendant revoked his certification. *Id.* at 4 ¶ 23, 19-20 ¶ 51. As a result of the revocation of his certification, Plaintiff is no longer able to practice nuclear medicine in Colorado. *Id.* at 2-3 ¶¶ 11-12.

In his Amended Complaint [#48], Plaintiff asserted five claims against Defendant: (1) breach of contract/bad faith, *id.* at 7-16; (2) gross material negligence, *id.* at 16-18; (3)

---

[3] Plaintiff restarts paragraph numbering on page seven of his Amended Complaint [#48]. To avoid confusion, in this Order, the Court cites to page numbers as well as paragraph numbers.

fraudulent misrepresentation, *id.* at 18-21; (4) infliction of emotional distress, *id.* at 21-22; and (5) "prima facie tort," *id.* at 22-24. On March 23, 2025, the Court granted Defendant's Motion to Dismiss Plaintiff's Amended Complaint [#51] as to all of Plaintiff's claims. *Order* [#63] at 21-22. The Clerk of Court entered Final Judgment [#64] on March 25, 2025.

The following day, Plaintiff filed his first Motion for Reconsideration [#65], limiting his challenge to the Court's dismissal of his breach of contract claim. In that Motion, Plaintiff argued (1) he was previously unaware of the Erie Doctrine from *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), which would have allowed him to rely on state law; (2) he had not included supporting documents with his Amended Complaint [#48] because he assumed "that he would have an opportunity to provide his more detailed data at discovery for the Court to review"; and (3) the Court misunderstood "Plaintiff's argument that he was being further punished without reconsideration" when Defendant notified him that the revocation of his certification was permanent. *Motion for Reconsideration* [#65] at 1-3. The Court rejected these arguments and denied the Motion. *Order* [#70].

In the present Motion [#71], Plaintiff asks the Court to reconsider its denial of his first Motion to Reconsider based on previously unavailable evidence and the need to correct clear error or prevent manifest injustice. *Motion* [#71] at 2.

## II.   Legal Standard

A litigant subject to an adverse final order or judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952

F.2d 1241, 1243 (10th Cir.1991). A motion for reconsideration filed more than 28 days after the final judgment in an action should be considered under Rule 60(b). *Cf. Ascent Classical Acads. v. Ascent Classical Acad. Charter Schs., Inc.*, No. 24-cv-0653-GPG-STV, 2025 WL 1014791, at *1 (D. Colo. Apr. 2, 2025) (explaining that Federal Rule of Civil Procedure 59(e) applies to a motion for reconsideration filed within 28 days of final judgment). Plaintiff's current Motion [#71] was filed more than 28 days after the Court's Order granting Defendant's Motion to Dismiss was entered on March 23, 2025. *Order and Judgment* [#63, #64]. Therefore, the Court will consider Plaintiff's Motion under Federal Rule of Civil Procedure 60(b).

Rule 60(b) allows a court to grant relief from an order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

"Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'" *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000)). "Courts rarely grant Rule 60(b) motions, deferring instead to the need for finality and the appeals process." *Vreeland v. Tiona*, No. 17-cv-01580-PAB-SKC, 2020 WL 2832370, at *2 (D.

Colo. May 29, 2020). Further, Rule 60(b) is not a proper avenue to "reargue an issue previously addressed by the court when the reargument merely advances new arguments or supporting facts which were available for presentation at the time of the original argument." *Yarbary v. Martin*, 643 F. App'x 813, 817 (10th Cir. 2016) (quoting *F.D.I.C. v. United Pac. Ins. Co.*, 152 F.3d 1266, 1272 (10th Cir. 1998)). A motion under Rule 60(b) is left to the discretion of the trial court. *Cf. Compañia de Inversiones Mercantiles S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.,* 58 F.4th 429, 464 (10th Cir. 2023) (explaining that appellate court reviews rulings on Rule 60(b) motions "only for abuse of discretion and may not substitute [its] own judgment for that of the trial court." (citation and internal quotation marks omitted)).

### III.   Analysis

**A.   Newly Discovered Evidence**

In requesting the Court reconsider its previous ruling, Plaintiff relies on what he characterizes as new evidence, implicating Rule(60)(b)(2). *Motion* [#71] at 2-5. In previously dismissing Plaintiff's breach of contract claim, the Court determined Plaintiff had failed to sufficiently allege that a contract existed between the parties. *Order* [#63] at 7-8. In his current Motion, Plaintiff contends that he recently found the "ink signed contract," which he describes as "pivotal in his argument that a contract did indeed exist between himself and the Defendant." *Motion* [#71] at 2-4. Because the Court determines the document does not constitute newly discovered evidence for purposes of a motion for reconsideration, it is unnecessary to determine whether it would affect the Court's prior rulings.

For evidence to qualify as newly discovered, "the moving party must show: '(1) the evidence was newly discovered since the [underlying court order]; (2) the moving party was diligent in discovering the new evidence; (3) the newly discovered evidence [is] not merely cumulative or impeaching; (4) the newly discovered evidence is material; and (5) . . . the newly discovered evidence would probably produce a different result.'" *Dronsejko v. Thornton*, 632 F.3d 658, 670 (10th Cir. 2011) (quoting *Zurich N. Am.*, 426 F.3d at 1290). "Actual diligence is one of the requirements for relief under Rule 60(b)(2)." *Id.* at 672 (citing *Zurich N. Am.*, 426 F.3d at 1290; *Miller v. Baker Implement Co.*, 439 F.3d 407, 414 (8th Cir. 2006) (noting that the movant must show "that [he] exercised diligence to obtain the evidence before entry of the order"); *United States v. Fulcher*, 250 F.3d 244, 249 (4th Cir. 2001) (noting that the movant must allege facts "from which the court may infer diligence on the part of the movant")).

"[C]ourts in the Tenth Circuit focus on whether the 'new evidence' was previously accessible, disclosable, or available." *Petrie v. GoSmith, Inc.*, No. 18-cv-01528-CMA-MEH, 2020 WL 376502, at *3 (D. Colo. Jan. 23, 2020) (citing *Frye v. Okla. Corp. Comm'n*, 516 F.3d 1217, 1223–24 (10th Cir. 2008) (finding no abuse of discretion where district court denied motion for reconsideration because purportedly "new evidence" was a letter in the movant's possession "from the commencement of the lawsuit and [was] not newly discovered evidence"); *Comm. for First Amend. v. Campbell*, 962 F.2d 1517, 1523-24 (10th Cir. 1992) (finding no abuse of discretion where district court denied motion for reconsideration because the plaintiff failed to demonstrate that the proffered evidence "was newly discovered or unavailable" despite prior exercise of reasonable diligence)) (other citations omitted).

6

Plaintiff asserts that he "did not have access to the ink signed contract between himself and the Defendant until after the court dismissed the original complaint." *Motion* [#71] at 4. He "had forgotten about having ha[d] access to said contract" and found it on his computer by performing an "exhaustive review of emails from an old account from over 3 years ago." *Id.* at 3. In his Addendum, Plaintiff states that although he previously stated he found the contract "after vigorous email searches[,] [i]n actuality, . . . . [he] noticed that he had found the contract via a search on his computer that led him to a folder copied from a previous computer." *Addendum* [#72] ¶ 28. He explains that he thought the materials from the previous computer were lost but he happened to find a backup drive containing the contract amongst his storage materials. *Id.*

Plaintiff's explanation of finding this contract establishes that it was in his possession and accessible to him from the beginning of the lawsuit. In *Petrie*, the plaintiff filed a second motion for reconsideration, relying on evidence a forensic expert found on his computer after the court's denial of his first motion for reconsideration. *Petrie*, 2020 WL 376502, at *4. The Court denied the second motion, explaining:

> That the forensic examination revealed alleged facts that were not previously asserted does not mean that the information was not previously available. Although Plaintiff explains why he did not [previously] obtain the forensic examination . . . , his explanation does not erode the determinative fact—that his computer was available the whole time. Indeed, Plaintiff fails to establish that this "new evidence" from his computer was inaccessible, undisclosable, or unproducible prior to the issuance of the Underlying Order. To the contrary, it is undisputed that Plaintiff's computer was within his possession since before the inception of this case. He chose not to hire a forensic expert to analyze his computer until it was too late. Whether reconsideration is warranted should not turn on Plaintiff's strategic choices in litigation. Simply put, there is no indication that evidence from Plaintiff's computer was previously unavailable.

7

*Id.* (citing *Gebremedhin v. Am. Fam. Mut. Ins. Co.*, No. 13-cv-02813-CMA-BNB, 2016 WL 7868815, at *1 (D. Colo. Feb. 5, 2016)).

The same reasoning applies to the present case. Plaintiff does not indicate that prior to finding the at-issue contract, the computer or hard drive were not available to him. Instead, he simply forgot that he had access to the contract and then later searched for it on his computer or backup hard drive. *Motion* [#71] at 3; *Addendum* [#72] ¶ 28. Forgetting that something is in one's possession does not equate to it being unavailable or inaccessible. Thus, "Plaintiff fails to establish that this 'new evidence' from his computer was inaccessible, undisclosable, or unproducible prior to the" Court granting the Defendant's Motion to Dismiss and denying Plaintiff's first Motion to Reconsider. *Petrie*, 2020 WL 376502, at *4. The contract was on Plaintiff's computer or backup drive and was accessible to him throughout his lawsuit. *Motion* [#71] at 3; *Addendum* [#72] ¶ 28. Thus, the contract does not constitute newly discovered evidence and does not provide a basis for a motion to reconsider the Court's previous ruling.

**B.    Addendum**

Although by no means a model of clarity, in his Addendum, Plaintiff asserts Defendant erred in revoking his license without considering that his previous employer failed to train him on HIPAA laws. *Addendum* [#72] ¶¶ 25-27. He also argues that Defendant "exceeded its jurisdiction and abused its discretion" by "act[ing] as a quasi-legislative board versus a quasi-judicial board." *Id.* ¶ 23.

Plaintiff previously asserted similar allegations and arguments in support of his negligence claims, and the Court rejected the same. *See Am. Comp.* [#48] at 16-18 ¶¶ 37, 39, 41, 42, 44, 45 (asserting Defendant had an independent and statutory duty to

investigate whether Plaintiff's employer properly trained him on HIPAA laws and that Defendant failed to fulfill its "function and responsibility to meeting legislative intent in conducting its quasi-judicial role."); *Order* [#63] at 9-14 (dismissing Plaintiff's negligence claims for failure to state a claim upon which relief could be granted). Motions for reconsideration are not a means to reassert arguments previously raised and rejected. *See Brett Andrew: House of Nelson v. Walzl*, No. 20-cv-01012-LTB-GPG, 2020 WL 7064559, at *2 (D. Colo. Dec. 1, 2020) (denying motion for reconsideration under Rule 60 because it was based upon arguments the court previously rejected), *aff'd*, 834 F. App'x 472 (10th Cir. 2021).

## IV.   Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that the Motion [#71] is **DENIED**.

Dated: November 14, 2025					BY THE COURT:

Kathryn A. Starnella
United States Magistrate Judge